IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | Criminal No.: JKB-16-0363 |
| | * | |
| KENNETH JONES | * | |

\* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS TANGIBLE EVIDENCE AND DERIVATIVE EVIDENCE
### (Warrantless Arrest and Search)

The defendant, Kenneth Jones, by and through his attorney, Alan R. L. Bussard, hereby respectfully moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any and all tangible evidence and derivative evidence, which the government obtained from an unlawful warrantless arrest, search and seizure of the defendant on or about April 11, 2011, in Baltimore, Maryland, and in support of the motion alleges as follows:

1. On November 9, 2016, a federal grand jury returned a superseding indictment charging nine members of what the government alleges is a violent subset of the Black Guerilla Family ("BGF") known as the BGF Greenmount Regime with conspiring to engage racketeering activity, in violation of 18 U.S.C. § 1962(d); and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and related charges.

2. A review of the discovery materials, specifically, the transcript from the defendant's 2016 trial in the Circuit Court for Baltimore City, *State of Maryland v. Kenneth Jones*, Case No.: 113310058, reveals that on or about April 11, 2011, law enforcement personnel conducted a warrantless arrest, search and seizure of the defendant after being called to the 900 E. North

Avenue for an alleged shooting.[1]

3. Based on the testimony of Det. Kienle, Baltimore Police Department, Det. Saller had stopped Mr. Jones in the 1900 blk. Homewood Avenue, approximately 2 blocks distance away from the location of the shooting. Nether detective had observed the alleged shooting. Mr. Jones, was placed on the ground and held at gunpoint.  Det. Kienle testified that he observed Det. Hayes conduct a search of Mr. Jones' person and remove a gun from Mr. Jones' pant. In order to remove the gun from Mr. Jones' pants, Det. Hayes had to use a knife to cut the trousers.

4. It is further noted that Mr. Jones' dress and general appearance did not match the description given by witnesses at the scene of the shooting. For example, at the time of the stop a few minutes after the alleged shooting, Mr. Jones was wearing a bright pink hat, which was not described by any witness.

5. The defense asserts that the initial stop and subsequent search and seizure of the defendant and the weapon was conducted, without probable cause.

6. No valid consent was given to search his person and seize any such items during the afore-described search.

7. Any such items obtained as a result of the unlawful search must be suppressed.

WHEREFORE, the Defendant moves this Honorable Court to suppress any tangible evidence and derivative evidence unlawfully seized at the time of the arrest.

---

[1] The instant Motion is being filed about of an abundance of caution. The facts set forth in the Motion are taken from the trial transcript from the State case in the Circuit Court for Baltimore City. The government has not provided the defense with any other discovery materials regarding this event, except the photo array identification and statement made by Angelique Petty on April 11, 2011. The defense also asserts that the alleged shooting should be excluded pursuant to F.R.E. 404(b) in that it is unrelated to the conduct set forth in the indictment.

                Respectfully submitted,

                /s/

                _____
                101 East Chesapeake Avenue
                Ste. 200
                Towson, Maryland 21286
                410-821-1155
                alan.bussard@bussardlaw.com

## **STATEMENT OF GROUNDS AND AUTHORITIES**

Rule 12, Federal Rules of Criminal Procedure

U.S. Const. amend. IV

## **Request for Hearing**

      The Defendant, pursuant to Rule 105.6 of the local rules of the United States District Court for the District of Maryland, requests a hearing on the foregoing Motion.

                /s/

                _____
                Alan R. L. Bussard

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY, that on this 4th day of August, 2017, a copy of the foregoing Motion to Suppress Tangible Evidence and Derivative Evidence was electronically filed using CM/ECF to the following:

Peter Martinez, Esquire
Assistant United States Attorney
U.S. Courthouse, Seventh Floor
101 W. Lombard Street
Baltimore, Maryland 21201

                                        /s/
                                      _____
                                      Alan R. L. Bussard