## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    *

                 *

vs.                     *       Criminal No.: JKB-16-0363

                 *

KENNETH JONES          *

       *   *   *   *   *   *   *   *   *

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF GUILTY PLEA IN STATE COURT IN 2012, INCORPORATED MEMORANDUM OF LAW AND <u>REQUEST FOR HEARING</u>

Defendant, by and through his attorney, Alan R. L. Bussard, hereby moves pursuant to Federal Rules of Evidence 103(d), 402, 403, and 404(b), for an order excluding from the jury's consideration all evidence or discussion of Defendant's prior conviction in 2012 in the Circuit Court for Baltimore City in the case entitled *State of Maryland v. Kenneth Jones*, Case No.: 111126014. Such evidence is irrelevant to the issues before the Court and its probative value is substantially outweighed by the potential prejudice to Plaintiff.

1. On November 9, 2016, a federal grand jury returned a superseding indictment charging nine members of what the government characterizes as a violent subset of the Black Guerilla Family ("BGF") known as the BGF

Greenmount Regime with conspiring to engage racketeering activity, in violation of 18 U.S.C. § 1962(d); and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 and related charges.

2. On September 20, 2017, a federal grand jury returned a second superseding indictment charging the same nine individuals with being members of what the government characterizes as a violent subset of the Black Guerilla Family ("BGF") known as the BGF Greenmount Regime with conspiring to engage racketeering activity, in violation of 18 U.S.C. § 1962(d); and conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 and related charges.

3. The second superseding indictment added overt acts and substantive counts against specific defendants. In pertinent part, new overt act 37 of the second superceding indictment alleges that:

> On or about April 11, 2011, in the 900 block of E. North Avenue, JONES unlawfully possessed a Taurus .357 Magnum revolger (*sic*), bearing serial number YB61906.

4. On or about April 12, 2011, Mr. Jones had been charged in the District Court of Maryland for Baltimore City in *State of Maryland v. Kenneth Jones*, Case No.: 0B02109821 and 1B0214456, with Attempted 1st Degree Murder, Possession of a Handgun and related charges arising from an arrest on April 11, 2011 at Homewood and 20th Street and an alleged shooting in the 900 block of E. North

Avenue, Baltimore City Maryland. (See Exhibit One - copy of Statements of

Charges and Maryland Judiciary Case Search - attached hereto)

5. A Nolle Prosequi was entered in Case No.: 1B0214456 and Case

No.:0B02109821 was forwarded to the Circuit Court for Baltimore City on May

17, 2011. *Id.*

6. On or about March 13, 2012, Mr. Jones entered a guilty plea to one count

of possession of a handgun in violation of Criminal Law Article 5-212 in the

Circuit Court for Baltimore City in the case entitled *State of Maryland v. Kenneth*

*Jones*, Case No.: 111126014. (See Exhibit Two - copy of Maryland Judiciary Case

Search - attached hereto) (See also Exhibit Three - Transcript of the March 13,

2012 Guilty Plea Hearing in the Circuit Court for Baltimore City - attached hereto)

The charge arose from a warrantless arrest on April 11, 2011. Pursuant to the plea

agreement, the Court imposed a term of imprisonment of three (3) years, with

credit for time served from April 11, 2011.

7. In November, 2013, a Baltimore City grand jury returned an indictment

against 48 alleged members of the Black Guerilla Family's Greenmount Regime.

Mr. Jones was among those persons indicted in Circuit Court for Baltimore City in

*State of Maryland v. Kenneth Jones*, Case No. 113310058. (See Exhibit Four -

copy of indictment - attached hereto)

8. The indictment did not charge Mr. Jones with any offense specifically

referencing possession of a firearm related to the April 11, 2011 incident.

Paragraph 24 of the indictment alleged as an overt act, that:

> 24. On or about April 11, 2011, in the 900 block of E. North Avenue,
> Kenneth JONES, shot Perry Johnson. Immediately before the shooting,
> JONES and others accused Johnson of talking to the police. *Id.*

9. On June 18, 2016, after a seventeen (17) day jury trial, Mr. Jones was

convicted of count 1, Conspiracy-1st Degree Murder; count 2, Criminal Gang

Activity; count 3, 1st Degree Murder; count 5, Attempted 1st Degree Murder;

count 7 Handgun: Use in Committing Crime, and ; count 8, Regulated Firearm;

Illegal Possession. (See Exhibit Five - copy of pages 17-19 of the trial transcript)

10. It is evident from a reading of Exhibit Five that as to count 2, charging

criminal gang activity, that the jury was given alternative theories by which to

base their verdict. The jury could have found that Mr. Jones participated in a

criminal gang and committed a crime of violence "against Gregory Rochester on

January 9, 2007 *or* against Perry Johnson on April 11, 2011 *or* against Lamontae

Smith on October the 5th, 2013." (*Emphasis added*) It is not possible to determine

which of the alternatives may have formed the bases of the verdict. (See Exhibit

Five - copy of pages 17-19 of the trial transcript)

11. Defendant was sentenced in State court to two life sentences to be

served consecutively and 4x5yr sentences to be served consecutively to all other sentences.

12. Kenneth Faison in his previously submitted Motion in Limine (ECF #178) conceded that the offenses underlying the defendant's State guilty pleas were identical to the ones charged in count one of the present federal indictment and therefore evidence of those pleas as being potentially "relevant" to count one under Federal Rule of Evidence 401. Kenneth Jones' State charges are substantially different from those charged in the instant second superseding indictment.

13. Kenneth Jones' State guilty plea in Case No.: 111126014 was to one count of possession of a firearm, a charge not alleged in the broadly charged criminal gang case. Such a charge placed Jones in jeopardy of facing identical charges for a second time. More importantly, is the fact that Jones' alleged possession of a firearm is not related to either the charged State criminal gang activity or the Racketeering Conspiracy alleged in count one of the instant federal second superseding indictment. (See Exhibit Three - Transcript of the March 13, 2012 Guilty Plea Hearing in the Circuit Court for Baltimore City - attached hereto)

14. Despite this clear difference, it is expected that the Government intends to introduce the defendant's guilty plea from State court in its case-in-chief.

15. The defendant's guilty plea in State court should be excluded from trial in the instant case because those pleas are not admissible under Federal Rules of Evidence 403 and 404(b).

## LEGAL STANDARD

## I. INTRINSIC EVIDENCE

Rule 404(b) does not limit the admission of evidence of prior bad acts intrinsic to the charged crime. Acts are intrinsic evidence only if they are "'inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (*quoting United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996)) (emphases added). Prior bad acts meet this test only if they "'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'" *United States v.Bashum*, 561 F.3d 302, 326 (4th Cir. 2009) (*quoting United States v. Siegel*, 536 F.3d 306, 316 (4th Cir.), *cert. denied*, 555 U.S. 1087 (2008) (internal citations omitted)).

In *United States v. Nguyen*, 504 F.3d 561, 566 (5th Cir. 2007), the government charged the defendants based on their involvement in a fraudulent home buying scheme. The indictment included charges related to the sales of two

properties but the government also sought to introduce evidence related to two additional real estate transactions. Id. at 574. The Fifth Circuit upheld the district court's ruling that the additional transactions were not intrinsic to the charged transactions. *Nguyen*, 504 F.3d at 574. The court noted that "[t]hough the conspirators used the same scheme at all of the properties, each deal was a distinct and distinguishable event." *Id. See also United States v. Stephens*, 571 F.3d 401, 410 (5th Cir. 2009) (evidence related to a fraudulently created Red Cross website was not inextricably intertwined with evidence of a fraudulently created Salvation Army website where the defendants were charged only with respect to the latter; "[c]ertainly the actions are similar, but they were still distinct events"); *Siegel*, 536 F.3d at 316–17 (expressing doubt that all of the other crimes evidence the government sought to admit as "part of Siegel's twenty-year scheme to support her gambling habit by defrauding anyone available" could be characterized as intrinsic to the crimes charged).

Here, despite the government's anticipated assertion that the April 11, 2011 is intrinsic to the charges alleged in Count One, a reading of the guilty plea hearing and the facts in support of the guilty plea to which Mr. Jones admitted, clearly demonstrates that the incident is not related to the instant racketeering offenses and that there is simply no alleged connection to BGF and gang related

7

activity.

## II. RULE 404(B) EVIDENCE

Generally, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b) additionally provides that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2). Generally, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. For the purposes of Rule 404(b), the proffered similar acts evidence "'must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant.'" *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017) (*quoting United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)). It must be "sufficiently related to the charged offense." *United States v. Rawle*, 845 F.2d 1244, 1247 n. 3 (4th Cir. 1988).

The threshold inquiry for determining whether evidence is inadmissible under Rule 404(b) is whether the proffered similar acts evidence "is probative of a

material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988). Thus, "[e]vidence of prior bad acts is not admissible if it is introduced for the sole purpose of proving criminal disposition." *United States v. Madden*, 38 F.3d 747, 753 (4th Cir. 1994). "Rule 404(b) 'protects against juries trying defendants for prior acts rather than charged acts.'" *Hall*, 858 F.3d at 266 (*quoting Queen*, 132 F.3d at 996). The exclusion of evidence under 404(b) is "not grounded in its irrelevance" but rather "is based on the danger that this type of evidence will overly influence the finders of fact and thereby persuade them to prejudge one with a bad general record and deny him a fair opportunity to defendant against a particular charge." *Id*. at 265–66 (internal quotation marks and citations omitted).

The Fourth Circuit applies a long-established "four-step test [(the Queen test)] for determining when evidence of prior bad acts is admissible under Rule 404(b)." Id. Such evidence cannot be admitted unless it is: "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." *Rawle*, 845 F.2d at 1247 (emphasis added). "[F]ourth, 'the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the fact-finding process.'" *Hall*, 858 F.3d at 266 (quoting *Queen*, 132 F.3d at 997). Thus, the "last step of Rule 404(b) admissibility is [the] Rule 403 probative-prejudice balancing test." *United States*

*v. Greenwood*, 796 F.2d 49, 53 (4th Cir. 1986) (*citing United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980)); *see also Rawle*, 845 F.2d at 1247.

Prior bad acts evidence "properly com[es] into evidence only when the government meets its burden to explain each proper purpose for which it seeks to introduce the evidence, to present a propensity-free chain of inferences supporting each purpose, and to establish that such evidence is relevant, necessary, reliable, and not unduly prejudicial." *Hall*, 858 F.3d at 277 (*emphases added*). Further, similar act evidence is admissible only when it is reliable, meaning that "the jury can reasonably conclude that the act occurred and that the defendant was the actor." *United States v. Kenny*, 973 F.2d 339, 344 (4th Cir. 1992). "There must be proof such that a reasonable juror could find that the defendant committed the prior act by a preponderance of the evidence." *Id.* Although the weight and credibility of uncorroborated testimony is "largely for the jury," the "convincingness" of the evidence that a prior bad act was committed "should be weighed in the decision" whether to admit the evidence in the first place. *United States v. Hernandez*, 975 F.2d 1035, 1041 (4th Cir. 1992). When similar act evidence is "sharply disputed," it should not be considered reliable. *United States ex rel. Davis v. U.S. Training Ctr. Inc.*, 498 F. App'x 308, 318 (4th Cir. 2012); *see also id.* at 318 n.16 (the district court also concluded that because the proffered

10

evidence was sharply disputed, it could lead to a "side litigation.").

Finally, "[t]he prejudice which the rule is designed to prevent is jury emotionalism or irrationality." *Greenwood*, 796 F.2d at 53. Relevant evidence may be excluded pursuant to Rule 403, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "A court should exclude evidence when 'there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence.'" *Hernandez*, 975 F.2d at 1041 (citation omitted).

**THE CHARGED RACKETEERING CONSPIRACY**

Count One of the Second Superseding Indictment alleges a racketeering conspiracy in violation of 18 U.S.C. § 1962(d)

The conspiracy allegedly began around 2005 and continued through about September, 2017. Second Superseding Indictment at 7 ¶14. Count One charges a Racketeering Conspiracy and alleges in Overt Acts in furtherance of the conspiracy  ¶¶ 16 through 126. In pertinent part, Overt 37 alleges an April 11, 2011 unlawful possession of a handgun. Nowhere in the second superseding indictment is there an allegation of a related shooting occurring on April 11, 2011,

as set forth in the State charges.

**ARGUMENT**

**I. Plaintiff's Prior Arrests/Convictions are Irrelevant**

"Evidence of prior bad acts is admissible if the evidence is (1) relevant to an issue other than character, (2) necessary in the sense that it is probative of an essential claim, (3) reliable, and (4) the potential for prejudice does not substantially outweigh the probative value of the evidence." *Fairshter v. American Nat'l Red Cross,* 322 F. Supp. 2d 646, 656-57 (E.D.Va. 2004) *(citing United States v. Queen*, 132 F.3d 991, 994-95 (4th Cir. 1997)).

Evidence of Mr. Jones' seemingly unrelated State guilty plea to possession of a firearm is not relevant to any issue before the Court, is not probative of an essential claim, and its potential for prejudice here substantially outweighs any probative value it may have. Rule 404(b)(2) notes that evidence of crimes, wrongs, or other acts can be admissible for a purpose other than proof of character. However, these admissible purposes include "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," none of which applies to this crimonal action. Any attempt to offer evidence of prior arrests and/or convictions here would be solely to convince the jury that the defendant acted in conformity with a certain character trait, which is not

admissible. Fed. R. Evid. 404(b).

## II. Evidence of Prior State Guilty Pleas to a Unrelated Offense is Unfairly Prejudicial

Even if evidence is both relevant and probative, it may be excluded from trial "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Advisory Committee's note to Rule 403 states that "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

In the present case, even if evidence of Defendant's prior arrest and conviction record were relevant and probative, which it is not, the risk of unfair prejudice substantially outweighs the probative value of that evidence. If allowed to present evidence of Defendant's prior arrests, The government will suggest to the jury that Defendant is a confrontational person with a history of police encounters, and thus encourage the jury to side with the government based on emotion rather than on the facts of this case.

WHEREFORE, defendant Kenneth Jones moves this Honorable Court to exclude from evidence introduction of his guilty plea in State court from 2012.

Respectfully submitted,

/s/

_____

Alan R. L. Bussard
101 E. Chesapeake Avenue
Ste. 200
Towson, Maryland 21286
410-821-1155
Attorney for Defendant

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the local rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

/s/

_____

Alan R. L. Bussard

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2017, a copy of the foregoing Motion in Limine was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Peter Martinez, Esquire
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201

/s/

_____

Alan R. L. Bussard